# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ESCAMBIA COUNTY, FLORIDA,

    Plaintiff/Counter-Defendant,

v.                                                   Case No. 3:08cv88/LAC/EMT

ALLIED WASTE SERVICES OF
NORTH AMERICA, LLC,

    Defendant/Counter-Plaintiff.

_____/

## **ORDER**

THIS CAUSE comes before the Court on Plaintiff/Counter-Defendant Escambia County, Florida's Motion to Dismiss Count II of the Amended Counterclaim (Doc. 51), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant/Counter-Plaintiff Allied Waste Services of North America, LLC [Allied Waste], has filed a response (Doc. 52).

A motion to dismiss under Rule 12(b)(6) is designed to eliminate causes of action which fail to state a claim upon which relief may be granted. In considering the motion, the Court must accept all allegations in the complaint as true and construe those allegations in the light most favorable to the plaintiff. *See Lopez v. First Union Nat'l Bank of Fla.*, 129

F.3d 1186, 1189 (11th Cir. 1997). A complaint may not be dismissed with prejudice for failure to state a claim unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *See id.* Since Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the complaint does not need finely detailed factual allegations. However, more is required than simply "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). There must be enough in the way of factual allegations to show that the cause of action is based on more than speculation or suspicion. *See id.* "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts v. Florida Intern. University*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965). This entails providing "enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *Id.* at 1295-1296.

The gist of the instant cause of action is that a "flow control" ordinance passed by Escambia County designates one particular landfill as the sole disposal site for certain waste material within the County. Allied Waste asserts that the ordinance impairs its rights or obligations under contracts it entered into with the County and other municipalities in which

it is able to dispose of waste at other selected sites. Allied Waste therefore claims a violation of its rights under the Contracts Clause of the United States Constitution.

The County appears to assert that Allied Waste's counterclaim in Count II should not be characterized as under the Contracts Clause but as a more generalized claim of substantive due process. Then, in seemingly circular reasoning, it argues that Allied Waste cannot proceed under the Substantive Due Process Clause because there exists a more particularized claim of a violation of a specific constitutional right (this being, one would presume, the Contracts Clause). Regardless, the Court finds Allied Waste to have sufficiently stated a valid claim under the Contracts Clause.

"Three factors are considered when evaluating a claim that the Contract Clause has been violated: (1) whether the law substantially impairs a contractual relationship; (2) whether there is a significant and legitimate public purpose for the law; and (3) whether the adjustments of rights and responsibilities of the contracting parties are based upon reasonable conditions and are of an appropriate nature." *Vesta Fire Ins. Corp. v. State of Fla.*, 141 F.3d 1427, 1433 (11th Cir. 1998).

Citing to a couple of cases with similar factual backgrounds, the County broadly asserts that ordinances of its kind by their nature do not substantially impair contracts for waste disposal. However, the cited cases do not support this argument since they show that a pronounced weighing of the facts is necessary to determine whether a substantial impairment actually exists. In response to the County's assertion, Allied Waste contends that

a sufficient claim for relief is stated simply by alleging the ultimate fact that the County's actions amounted to a substantial impairment. As the standards for motions to dismiss under Rule 12(b)(6) set out above indicate, "a formulaic recitation of the elements of a cause of action" is not sufficient to establish a claim. Nonetheless, the Court finds the Counterclaim to allege enough underlying facts to support a plausible claim that the contracts in question have been substantially impaired.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Motion to Dismiss Count II of the Amended Counterclaim (Doc. 51) is **DENIED.**

**ORDERED** on this 20th day of November, 2008.

                                        s/ *L.A. Collier*
                                        Lacey A. Collier
                                    Senior United States District Judge